UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WALTER A. SMITH                                CIVIL ACTION

VERSUS                                         NO. 07-3902

PFIZER, INC., ET AL                            SECTION "C" (4)

ORDER AND REASONS

This matter comes before the Court on motion to reconsider filed by Pfizer Inc. ("Pfizer"). Having considered the record, the memoranda of counsel and the law, the Court has determined that reconsideration is not appropriate and the motion to enforce remains denied for the following reasons.

Pfizer seeks reconsideration of the Court's previous denial of Pfizer's motion to enforce settlement agreement for lack of jurisdiction. (Rec. Doc. 45). It argues in this motion that the Court has "inherent power" to enforce a settlement in a pending case and that the copies of the settlement agreement filed under seal qualifies as a Court order sufficient to recognize and enforce the alleged settlement. (Rec. Doc. 51, p. 2).

The Court suspects that the mover's own careful reading of the cited cases issued after the Supreme Court's pronouncement in *Kokkonen v. Guardian Life Insurance*

1

*Co. of America*, 511 U.S. 375 (1994) provide a glimpse into why this record is inadequate to support a motion to enforce.  In the cases cited by mover that provide a sufficient procedural history, a court order of dismissal based on the settlement or Court order approving the settlement was filed into the record before any motion to enforce was filed.  See. e.g., *Hospitality House, Inc. v. Gilbert*, 298 F.3d 424 (5th Cir. 2002)(order of dismissal/no jurisdiction to enforce); *Bell v. Schexnayder*, 36 F.3d 447 (5th Cir. 1994)(order of dismissal with conditions); *Demilia v. United Student Aid Funds*, 2001 WL 1543491 (E.D.La.)(order of dismissal/motion to enforce denied).  See also,*White Farm Equipment Co. v. Kupcho*, 792 F.2d 526 (5th Cir. 1986)(pre-*Kokkonen* court-approved settlement). None of the cases cited defy or discuss the law set forth in *Kokkonen.*

These cases reflect the fundamental principle that the Court's power is exercised by order, either written or oral, and its enforcement power does not extend to all things legal, but only to its orders.[1]   Here, any alleged settlement occurred completely outside of the record.  No court order or approval preceded Pfizer's  motion to enforce.   Even when a court order exists,  *Kokkonen* added additional limitations on the Court's exercise of the power to enforce.  The Court recognizes that *Kokkonen* also provides

---

[1] The fact that the alleged agreement was filed into the record as part of the motion to enforce does not involve a relevant court order.

hurdles for counsel in confecting an settlement agreement that is enforceable in federal court.

In any event, the ruling in *Kokkonen* is clear as to the requirement of independent subject matter jurisdiction. Pfizer's suggestion that this requirement can be ignored is unsupported. In addition, contrary to its representations, there is no proof that it has established the existence of independent subject matter jurisdiction over the alleged settlement agreement or that it has raised the defense of settlement in this matter as required by Fed. R. Civ. Pro. 8.[2]

Accordingly,

IT IS ORDERED that the motion to reconsider filed by Pfizer Inc. is DENIED. (Rec. Doc. 51).[3]

New Orleans, Louisiana, this 6th day of July, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[2] Again, the enforceability of this alleged agreement is disputed. The Court remains unable and unwilling to advise any party as to how to proceed. It does suggest, however, that counsel undertake a more studied look at the issue presented and that further efforts to resolve any difficulties with the plaintiff be continued.

[3] The Court is not persuaded that all filings relating to the settlement need to be sealed simply because it is a confidential settlement. In the event future filings are made, additional legal authority for sealing will be required.